**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YANCY D. DAVIS,

        Plaintiff,

v.

        Case No. 2:09-CV-14892

        HON. MARIANNE O. BATTANI

DEARBORN, CITY OF, et al.,

        Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE OF COURT
TO FILE AMENDED COMPLAINT TO CURE DEFECTS**

Before the Court is Plaintiff Yancy D. Davis' request to file an amended complaint. The Court has reviewed the pleadings, and finds oral argument would not aid in the resolution of this motion. See E.D. Mich. LR LR 7.1(e)(2). For the reasons the follow, Plaintiff's motion is **DENIED.**

**I. PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff, proceeding *pro se*, filed suit against the City of Dearborn, the Dearborn Police Department, Officer Dennis David (collectively "the Dearborn Defendants"), the National Railroad Passenger Corporation ("Amtrak"), and Amtrak employee Dan Hardy (collectively "the Amtrak Defendants"), claiming violations of state and federal law arising from the impoundment and subsequent sale of Plaintiff's 1998 Mercedes Benz. Plaintiff filed her complaint in the United States District Court for the Eastern District of Missouri. After Amtrak Defendants moved for dismissal, the suit was transferred to this Court pursuant to 29 U.S.C. § 1406(a). Thereafter, Plaintiff filed an amended complaint without leave of the Court. The Amtrak Defendants filed a second motion to dismiss,

which the Court considered on the merits. After the Court granted the Amtrak Defendants' motion to dismiss, Plaintiff requested leave to amend her complaint.

According to Davis, the amended complaint represents a good faith attempt to cure the defects identified by the Court in granting Amtrak Defendants motion to dismiss the complaint. In her proposed third amended complaint, Plaintiff advances claims against the Amtrak Defendants for violations of common law and statutory conversion, and violations of her Fourth and Fifth Amendment rights.

The factual basis for her claims is found in Plaintiff's allegation that she left her car parked at the Amtrak station on September 1, 2007, and because the car remained in the lot longer than expected, she left a message on the Amtrak answering machine on October 25, 2007, in which she described her car and left a contact number. Although she left numerous messages, she never spoke to anyone at Amtrak. Nor did Davis ever receive a return call from anyone at Amtrak. Five months after leaving her car in the parking lot, on February 29, 2008, Davis spoke to Hardy. She also contacted the Dearborn Police and discovered her car and been towed, impounded, and sold.

## II. STANDARD OF REVIEW

Leave to amend a pleading shall be freely given "when justice so requires." FED. R. CIV. P. 15(a). Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment. Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989).

## III. ANALYSIS

At the outset, the Court observes that the Third Amended Complaint fails to comply with Rule 8(b(a)(2), which requires a short and plain statement of the claims showing that Davis is entitled to relief. In her one-page motion, Plaintiff fails to articulate how the twenty-six page proposed complaint cures the defects identified in the Court's order of dismissal.

Even if the complaint complied with the pleading standards, the amendment is futile. The newly added allegations are not based on first-hand knowledge, but rather are crafted to combat the Court's analysis of the shortcomings of the merits of Plaintiff's claims. For example, in support of her discrimination claim, Davis asserts that she has seen "many Caucasian passengers leave their cars parked at the Amtrak station in Dearborn for months and weeks at a time and never had their cars impounded by the Defendants for any reason." Doc. No. 40 at 8. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Here, Plaintiff admitted that she often parked at the Dearborn station for trips, for days and weeks at a time, and that her car remained where she left it. Doc. No. 40 at 4. These allegations, even when read together fail to arm Davis with anything beyond sheer speculation, given the omission of any factual basis as to how she could have observed other passengers' parking practice or how she observed Defendants' response to abandoned cars. Her assertion that Defendants never had the cars impounded for any reason is conclusory.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, factual allegations must raise a right to relief above the speculative level," as the complaint

3

must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2006) (internal citations omitted)." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 556). The Supreme Court elaborated in Iqbal, [W]here the well-pleaded facts do not permit the court **to infer more than the mere possibility of misconduct**, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." 129 S.Ct. at 1949-50 (internal marks and citations omitted) (emphasis added).

## IV. CONCLUSION

In this case, Plaintiff has not satisfied the Court that justice requires leave to amend. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**


       s/Marianne O. Battani
       MARIANNE O. BATTANI
       UNITED STATES DISTRICT JUDGE

DATED: December 7, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon plaintiff and counsel of record on this date by ordinary mail and electronic filing.


       s/Bernadette M. Thebolt

       CASE MANAGER