UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YANCY D. DAVIS,

        Plaintiff,

v.

        Case No. 2:09-CV-14892

        HON. MARIANNE O. BATTANI

DEARBORN, CITY OF, et al.,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR
CLARIFICATION AND EXTENSION OF DEADLINES**

Before the Court is Defendants' Motion for Clarification and Extension of Deadlines (Doc. No. 60). The Court has reviewed the motion, and finds neither oral argument nor responsive pleadings would aid in the resolution of this motion. See E.D. Mich. LR LR 7.1(e)(2). For the reasons the follow, Defendants' motion is **GRANTED.**

**I. PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff, Yancy Davis, proceeding *pro se*, filed suit against the City of Dearborn, the Dearborn Police Department, Officer Dennis David (collectively "the Dearborn Defendants"), the National Railroad Passenger Corporation ("Amtrak"), and Amtrak employee Dan Hardy (collectively "the Amtrak Defendants"), claiming violations of state and federal law arising from the seizure, impoundment and subsequent sale of Plaintiff's 1998 Mercedes Benz.

On September 21, 2010, the Court entered an order denying Plaintiff's motion for partial summary judgment. In addressing Plaintiff's request for partial summary judgment on her conversion claim, the Court noted that Davis was not entitled to

summary judgment on the claim.  The basis of the Court's ruling was that Dearborn Defendants followed the statutory requirements set forth in the motor vehicle statute, and therefore, the Dearborn Defendants "did not wrongfully seize or impound Plaintiff's vehicle."  (Doc. No. 42 at 6).  The Court concluded that the Dearborn Defendants did not commit the common law tort of conversion.  The Court failed to explicitly condition its holding relative to the Dearborn Defendants' actions of seizing and impounding the vehicle.

Dearborn Defendants' confusion arises because in addressing their request for summary judgment, the Court also considered their conduct relative to the sale of Plaintiff's vehicle.  The Court rendered the same opinion relative to the seizure and impoundment claims.  As for the sale of the vehicle, however, the Court noted that the Dearborn Defendants did not comply with the statute.  (Doc. No. 55 at 12).  Based on the lack of compliance with the motor vehicle statute, the Court denied summary judgment as to Plaintiff's claim that the sale of her vehicle constituted conversion.

## II.  STANDARD OF REVIEW

Under Rule 60 (a), "The court may correct a clerical mistake or a mistake arising form oversight or omission whenever one is found in a judgment, order, or other part of the record."  FED. R. CIV. P. 60(a).

## III.  ANALYSIS

It is undisputed that a court possesses the authority to modify an order that is not final. Police Officers for Equal Rights v. City of Columbus, 916 F.2d 1092, 1097 (6th Cir. 1990).  Although the Court finds that the two orders identified are not in conflict, the

Court will amend its Opinion and Order Denying Plaintiff's Motion for Partial Summary Judgment to clarify the limitation of its holding relative to Plaintiff's conversion claim.

Given the nature of the Dearborn Defendants' request for clarification, and the time that lapsed while the motion was pending, their request for an extension of time to file their dispositive motion meets the good cause standard. See FED. R. CIV. P. 6(b)(1)(A). Accordingly, the dates set at the settlement conference, are modified as follows: Dearborn Defendants' motion for summary judgment must be filed on or before **February 10, 2011**; Plaintiff may file her response on or before **March 10, 2010**, and Dearborn Defendants may file a reply on or before **March 25, 2011**.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: January 26, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served upon plaintiff and counsel of record on this date by ordinary mail and electronic filing.

        s/Bernadette M. Thebolt

        Case Manager