UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YANCY D. DAVIS,

        Plaintiff,

v.

        Case No. 2:09-CV-14892

DEARBORN, CITY OF, et al.,

        HON. MARIANNE O. BATTANI

        Defendant.

_____/

## AMENDED OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiff Yancy D. Davis' Motion for Partial Summary Judgment (Doc. No. 21). The Court has reviewed all the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court denies Plaintiff's motion.

### I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

In her Complaint, Plaintiff Yancy Davis alleges violations of state and federal law in connection with the impoundment and subsequent sale of her 1998 Mercedes Benz. Davis filed suit against the City of Dearborn, the Dearborn Police Department, Officer Dennis David (collectively "the Dearborn Defendants"), the National Railroad Passenger Corporation ("Amtrak"), and Amtrak employee Dan Hardy (collectively "the Amtrak Defendants").

The facts giving rise to Plaintiff's claims follow. On September 1, 2007, Davis parked her vehicle in a parking lot at the Amtrak station located in Dearborn, Michigan. (Pl.'s Second Am. Comp1. ¶ 13.) Plaintiff alleges that the car was parked legally and

had a valid Missouri License plate. (Id.) Plaintiff left her car parked in the lot longer than she had expected, (Id. ¶ 19), and at the end of October, she telephoned Amtrak and left a voice mail message. Davis claims that between October of 2007 and January of 2008, she left 20 to 30 messages notifying the Amtrak employees of her unforeseen delay, and identifying the vehicle and its location. (Id. ¶¶ 19-21.)

Plaintiff contends that through those voice mails, Hardy discovered that she is an African American woman. (Id. ¶ 39.) Hardy's animus prompted him to submit a falsified police report urging the Dearborn Police Department to tow and impound Plaintiff's vehicle. (Id. ¶ 42.) According to the Complaint, at Hardy's request, in mid-November, the Dearborn Defendants unlawfully (and with discriminatory motives) towed and impounded her vehicle, which was sold at auction on December 20, 2007. (Id. ¶¶ 45, 55.)

Plaintiff asks the Court to award partial summary judgment on her common law conversion, statutory conversion, and Fourth and Fourteenth Amendment claims against the Dearborn Defendants. Because the Amtrak Defendants have been dismissed, the Court does not address Plaintiff's request for partial summary judgment as to those Defendants.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the

2

issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

### III. ANALYSIS

#### A. Plaintiff's Claims Under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution

"A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003). Here, Plaintiff's § 1983 claims alleges a deprivation of her procedural due process rights by the Dearborn Defendants.

In support of her § 1983 claim, Plaintiff argues that her car was unreasonably seized in violation of the Fourth Amendment and sold without due process of law in violation of the Fourth and Fourteenth Amendments. In assessing Plaintiff's request for partial summary judgment, the Court analysis turns on whether Plaintiff has shown as a matter of law that the Dearborn Defendants violated the state abandoned vehicle statute.

The Michigan Vehicle Code governs the process for the removal of unauthorized vehicles and their disposition. MICH. COMP. LAWS § 257.252a, et seq. Included in the statutory definition of an abandoned vehicle is one "that has remained on public property for a period of not less than 48 hours." MICH. COMP. LAWS § 257.252a(2)(b).

Here, there is no question that Plaintiff's car remained on public property for the required time.  Consequently, the Dearborn Police as the "police agency having jurisdiction over the vehicle" must check whether the vehicle has been reported stolen and may affix a written notice to the vehicle identifying when the notice was placed on the vehicle, and information about the police agency and the individual officer. The notice also must include the "date and time the vehicle may be taken into custody and stored at the owner's expense or scrapped if the vehicle is not removed."  MICH. COMP. LAWS § 257.252a(2)(b).

The statute likewise governs what needs to be done if an abandoned vehicle is taken into custody.  Included in the requirements is that the vehicle be entered in the law enforcement information network, and the secretary of state be notified that the vehicle has been taken into custody as abandoned.  MICH. COMP. LAWS § 257.252a(5). The statute also specifies the Secretary of State's duties.  She is required to send notice that the vehicle is considered abandoned to the last titled owner and secured party, as shown by the records of the secretary of state. . .by first-class mail or personal service. . . ."  MICH. COMP. LAWS § 257.252a(12) (a).

The gist of Plaintiff's argument is that because she notified the Amtrak Defendants of her interest in the vehicle before the vehicle was towed, it was not abandoned.  Her telephone calls do not satisfy the statutory requirements or absolve her of her duty to challenge whether the police properly processed her car under the abandoned motor vehicle statute.  Moreover, the Dearborn Defendant had no duty to notify her; that duty belongs to the Secretary of State.

4

Finally, to prevail on her procedural due process claim, Davis must show that she was "deprived of property as a result of [an] established state procedure that itself violates due process rights," which she has not alleged "or. . .that the defendants deprived [her] of property pursuant to a random and unauthorized act and that available state remedies would not adequately compensate for the loss." Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir. 1991) (internal quotation marks omitted); see also Mitchell v. Fankhauser, 375 F.3d 477, 481-84 (6th Cir. 2004) (stating that a plaintiff must plead the inadequacy of state remedies when an alleged due process violation involves a random or unauthorized act). Here, Plaintiff's theory is that David conspired with Hardy to acquire her vehicle. She has not demonstrated how her state remedies would be inadequate to compensate her for her loss. See Rothhaupt v. Maiden, No. 04-5868, 2005 WL 1704944 (6th Cir. July 20, 2005) (affirming the dismissal of the plaintiff's due process claims where the plaintiff failed to explain why a state tort remedy for conversion would not suffice to address his claim).

Here, Plaintiff has neither alleged nor provided any evidence regarding the adequacy of stated remedies. This is a necessary element of her claim. Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 587-88 (6th Cir. 2004). Because she has not established a § 1983 violation by the individual officer, she cannot establish a violation by the City. Therefore, she is not entitled to summary judgment on her due process claims.

### B. CONVERSION

Davis also alleges that the Dearborn Defendants exercised acts of wrongful dominion over her vehicle by seizing and selling her car. Common law conversion "is

5

any distinct act of dominion wrongfully exerted over another person's personal property." Pamar Enters. Inc. v. Huntington Banks of Mich., 580 N.W.2d 11, 15 (Mich. Ct. App. 1998). Therefore, to succeed on a conversion claim, a plaintiff must show that the defendant wrongfully possessed or controlled the personalty at issue.

Here, Davis has not done so, and is not entitled to summary judgment. Simply put, in following the statutory requirements under the motor vehicle statute, the Dearborn Defendants did not wrongfully seize or impound Plaintiff's vehicle. Therefore, the Dearborn Defendants did not commit the common law tort of conversion relative to their actions of seizing and impounding the vehicle.

Statutory conversion allows treble damages plus costs and attorney fees for "[a]nother person's stealing or embezzling property or converting property to the other person's own use." MICH. COMP. LAWS § 600.2919a. Because Plaintiff failed to show common law conversion, she is not entitled to summary judgment on her statutory conversion claim.

**IV. CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

            s/Marianne O. Battani
            MARIANNE O. BATTANI
            UNITED STATES DISTRICT JUDGE

DATED: January 26, 2011

6

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt

CASE MANAGER