UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YANCY D. DAVIS,

        Plaintiff,

v.

DEARBORN, CITY OF, et al.,

        Defendant.

_____/

Case No. 2:09-CV-14892

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE
TO ATTEND MANDATORY SETTLEMENT CONFERENCE**

Before the Court is Plaintiff's request for sanctions under FED. R. CIV. P. 37 (Doc. No. 61). The Court has reviewed the relevant filings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, Plaintiff's motion is **DENIED**.

**I.     STATEMENT OF FACTS AND PROCEDURAL POSTURE**

In her Complaint, Plaintiff Yancy Davis alleges violations of state and federal law in connection with the impoundment and subsequent sale of her 1998 Mercedes Benz. Defendants include the City of Dearborn, the Dearborn Police Department, and Officer Dennis David (collectively "the Dearborn Defendants"). The Court held a settlement conference on January 12, 2011. Plaintiff appeared by telephone because she resides in Missouri. Only counsel for the Defendants participated; Defendants City of Dearborn, Dearborn Police Department, and Dennis David did not attend, despite the Court's order requiring their appearance.

According to Davis, the failure to appear and participate in the mandatory settlement conference "hindered [her] ability to enter into any good faith settlement discussions with them, period." Doc. No. 61, p. 3. On this basis, Plaintiff asks the Court to enter a default judgment against Dearborn Defendants.

## II. STANDARD OF REVIEW

Pursuant to Rule 16(f), when a party "fails to appear" at a pretrial conference, the Court may issue any order authorized by Rule 37(b)(2)(A) (ii)-(vii). FED. R. CIV. P. 16(f). Rule 37 articulates the following options:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).

## III. ANALYSIS

Rule 16(a)(5) permits the district courts to issue orders regarding pretrial conferences for the purpose of facilitating settlement, and Rule 16(f) provides that sanctions may be imposed against a party who fails to appear at a pretrial conference or fails to obey a pretrial order, FED. R. CIV. P. 16(a)(5), 16(f), including "rendering a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(vi). Moreover, the Court has the "inherent power to 'protect[ ] the due and orderly

2

administration of justice and. . .maintain[ ] the authority and dignity of the court. . . .' " Bowles v. City of Cleveland, No. 03-3938, 2005 WL 953853 *2 (6th Cir. April 25, 2005) (quoting Cooke v. United States, 267 U.S. 517, 539 (1925)).

Nevertheless, the use of default judgment against a defendant under Rule 37(b)(2)(A)(vi) is an extreme sanction. See Buck v. U.S. Dept. Of Agriculture, Farmers Home Admin., 960 F.2d 603, 607-08 (6th Cir. 1992). Consequently, the Court would not imposes such a sanction absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." Id. at 608. Accord Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault ...,' so, too, is entry of default judgment.").

Although Rule 37(b) contemplates default judgement as a sanction for noncompliance with the rules of civil procedure, this is not an appropriate case for the relief requested. Davis has failed to show either a record of delay or repeated contumacious conduct on the part of Dearborn Defendants. Nor has Plaintiff been prejudiced by their failure to appear at the settlement conference. There was no settlement demand on the table, and Dearborn Defendants were given leave to file a dispositive motion at the conference. Therefore, settlement of this action was not hindered.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani

                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATED: March 23, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

                                        s/Bernadette M. Thebolt

                                        CASE MANAGER