**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YANCY D. DAVIS,

                Plaintiff,

                                  Case No. 2:09-CV-14892

v.

                                  HON. MARIANNE O. BATTANI

DEARBORN, CITY OF, et al.,

                Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      Before the Court is Defendants Dennis David, City of Dearborn, and Dearborn Police Department's Motion for Summary Judgment (Doc. No. 68). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Dearborn Defendants' motion.

**I. STATEMENT OF FACTS**

      Plaintiff Yancy Davis filed this action, alleging violations of state and federal law in connection with the impoundment and subsequent sale of her 1998 Mercedes Benz. In her complaint, Davis named as Defendants, the City of Dearborn, the Dearborn Police Department, and Officer Dennis David (collectively "the Dearborn Defendants"), as well as the National Railroad Passenger Corporation ("Amtrak"), and Amtrak employee Dan Hardy (collectively "the Amtrak Defendants"). The Court dismissed the Amtrak Defendants and the majority of claims brought against the Dearborn Defendants. (See Doc. No. 37). In her remaining claim, Davis contends the Dearborn

Defendants exercised acts of wrongful dominion over her vehicle during the sale of her car following its seizure as an abandoned vehicle.

The facts giving rise to Plaintiff's claims have been detailed in prior dispositive motions, so only a brief summary, limited to the facts relevant to the resolution of this motion, follows.  On September 1, 2007, Davis parked her vehicle in a parking lot at the Amtrak station located in Dearborn, Michigan, where the car remained for over two months.  Although when Davis left her car, it had a valid Missouri license plate, and was parked legally, on November 9, 2007, a Dearborn Police officer tagged her vehicle, which then had no license plate and was blocking bus traffic in front of the station. When the officer returned several days later, and discovered that the vehicle had not been moved, he issued an abandoned vehicle citation, completed paperwork, and forwarded the information to facilitate notification by the Secretary of State.

The Auto Pound Coordinator for the Dearborn Police, Defendant David, arranged the public auction of the vehicle. Plaintiff alleges that David told her that he had purchased the car, (Am. Compl., ¶ 37), although the records show that it was purchased by VIP Auto Sales (Doc. No. 68, Ex. H).  In rejecting the Dearborn Defendants' previous request for summary judgment, the Court noted that David failed to follow the statutory requirements under the motor vehicle statute relative to the sale of an abandoned vehicle with no ownership information.  Moreover, even if David had determined the last registered owners of the auto and was required to wait only five days after publishing a public notice before auctioning the car, there is no dispute that he waited only four days. Therefore, the Court denied the Dearborn Defendants summary judgment on Plaintiff's

conversion claim. In their most recent motion, the Dearborn Defendants assert they are entitled to governmental immunity under Michigan law.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) authorizes a court to grant summary judgment if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party."  Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).  However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial."  Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

## III.    ANALYSIS

The parties disagree as to whether governmental immunity applies to intentional torts.  Although Plaintiff maintains that there is no immunity for intentional torts, in Odom v. Wayne Co., 760 N.W.2d 217, 228 (Mich. 2008), the Michigan Supreme Court rejected that position, and summarized the steps a court should follow when analyzing individual governmental immunity under MICH. COMP. LAWS § 691.1407.  The Odom Court distinguished the considerations relevant to immunity for a lower-ranking employee based on whether the plaintiff pleaded an intentional or a negligent tort. Here, the Dearborn Defendants analyzed subsection (2) of the statute, which addresses negligent tort claims, in support of their contention that David is entitled to immunity

relative to Plaintiff's conversion claim.   Because conversion is an intentional tort, subsection (3) governs the analysis.   See Odom, 760 N.W.2d at 222-23.

To invoke governmental immunity in connection with an intentional tort, courts assess whether the defendant establishes three criteria.   First, he must show that the challenged acts "were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority." Id. at 228.   Second, he must show that "the acts were undertaken in good faith, or were not undertaken with malice."   Id.   Third, he must show "the acts were discretionary, as opposed to ministerial."   Id.

Here, the public auction is governed by statute, and the challenged conduct was ministerial.   Therefore, governmental immunity is not available to David.   The same conclusion cannot be reached as to the City of Dearborn and Dearborn Police Department.   The City of Dearborn is considered a governmental agency, and the Court agrees that the operation of the police department is a governmental function. Accordingly, MICH. COMP. LAWS § 691.1407(1) provides immunity to these Defendants from the intentional tort alleged by Davis.

## IV.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Dearborn Defendant Motion for Summary Judgment is **GRANTED** as to City of Dearborn and Dearborn Police Department and  **DENIED** as to David.

**IT IS FURTHER ORDERED** that Plaintiff's request for a settlement conference is **GRANTED.**   (Doc. No. 75).   The parties are to appear in person, with settlement authority, on September 6, 2011, at 10:00 a.m. in Rm. 277 for a settlement conference.

**IT IS SO ORDERED.**

**s/Marianne O. Battani**

**U. S. District Court Judge**

**Dated: <u>August 1, 2011</u>**

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

<u>s/Bernadette M. Thebolt</u>

Case Manager
